WHITNEY & a. v. PARKER & a.

In a petition for partition under the statute, the committee have no authority, without the consent of the parties, to set off to one more than his just share of the estate, and award that he pay a sum of money to the others to make it equal.

PETITION for partition. The committee found the value of the estate to be $5,985, and, in accordance with the petition, set off the shares of the petitioners jointly. They also reported that the share set off to the petitionee, Mary E. Parker, "is one hundred and fifty dollars greater in value than her just share, but in our opinion the said estate is so situated that it cannot be divided so as to give to each owner his equal share without prejudice or inconvenience, and we award that the petitionee, Mary E. Parker, pay to the petitioners * * jointly the sum of one hundred and fifty dollars, they having that amount less than their just share, or give bond, with sufficient sureties, to pay the same with interest within such time as the court shall order. To this partition and award the petitioners refused to consent."

The petitioners moved that the estate be sold, and the net proceeds divided among the owners, according to their respective interests; and the petitionees moved for judgment on the report.

It appearing upon examination that it would not be for the interest of all parties to have the estate sold and the proceeds divided, the court ordered judgment on the report, to which the petitioners excepted.

*Hiram Blake*, for the petitioners.

*Hersey & Abbott*, for the petitionees.

BINGHAM, J.   The committee in their report assigned to the petitioners their shares jointly, and to the petitionee, without the consent of the petitioners, her share, with one hundred and fifty dollars more than the shares of the petitioners, awarding that she pay them that sum to make the shares equal, for the reason that the estate could not be divided equally without prejudice or inconvenience.   In this the committee exceeded their authority.   They were proceeding under Gen. Laws, *c.* 247, *ss.* 13, 25, in which they were authorized to divide the estate by setting off to each petitioner his just share; but if the estate is so situated that it cannot be divided so as to give each owner his share therein without great prejudice or inconvenience, they may, if the parties consent, assign the same or a part of it to one of the owners, he paying to the others such a sum of money as the committee may award to make the shares equal.

The authority of the committee to partition the estate otherwise than by giving each owner his just share therein being dependent on the consent of the parties, and the petitioners having refused theirs, this part of the report was a nullity.   *Barney* v. *Leeds*, 54 N. H. 128, 145.

It appears in the report that the petitioners refused to consent to the partition and award, and moved at the term that the estate be sold and the proceeds divided among the owners, and that the petitionee moved for judgment on the report.

The court, on examination, found that it would not be for the interest of all parties to have the estate sold, and ordered judgment on the report, subject to the exception of the petitioners.   If the court had found it for the interest of all parties to sell the estate, the statute authorized it to order a sale, but the court, finding that it would not be for their interest, properly declined to make the order.

The action of the committee being unauthorized, their report should be set aside.

*Exception sustained.*

BLODGETT, J., did not sit: the others concurred.